**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000060
27-MAY-2015
09:45 AM**

NO. CAAP-15-0000060

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PORTFOLIO RECOVERY ASSOCIATES LLC, Plaintiff-Appellee, v.
MARILYN O. HERRERA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC14-1-3414)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS IN CAAP-15-0000060 AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over Defendant-Appellant Marilyn O.

Herrera's (Appellant Herrera) appeal from district court Civil

No. 1RC14-1-3413, because Plaintiff-Appellee Portfolio Recovery

Associates, LLC's (Appellee Portfolio Recovery Associates),

January 8, 2015 motion for summary judgment as to Appellee

Portfolio Recovery Associates' complaint is still pending

disposition.

Appellant Herrera is appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi at 427, 984 P.2d at 1253 (emphases added). The final order or final judgment in a district court case must be in writing. Rule 4(a)(5) of the Hawaiʻi Rules of Appellate Procedure provides that "[a] judgment or order is entered when it is filed in the office of the clerk of the court." Consequently, a district court's "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawaiʻi 73, 77, 110 P.3d 397, 401 (2005). Although the court minutes might reflect a trial court's oral announcement of a ruling, "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). "In civil cases before the district

court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry." KNG Corp. v. Kim, 107 Hawai'i at 77, 110 P.3d at 401 (citation, internal quotation marks, and brackets omitted).

On April 1, 2015, the district court clerk filed the record on appeal for appellate court case number CAAP-15-0000060, at which time the record on appeal did not contain any written order or judgment that adjudicates Appellee Portfolio Recovery Associates's January 8, 2015 motion for summary judgment. Absent the entry of an appealable final order or final judgment, Appellant Herrera's appeal is premature and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that CAAP-15-0000060 is dismissed for lack of appellate jurisdiction.

IT IS HEREBY FURTHER ORDERED that all pending motions in CAAP-15-0000060 are dismissed as moot.

DATED: Honolulu, Hawai'i, May 27, 2015 L

Presiding Judge

Associate Judge

Associate Judge

-3-